UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 4:21CR00715 HEA |
| KEVIN SPARKS, | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant, KEVIN SPARKS, represented by defense counsel, Kathryn B. Parish, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 2, 4, and 6, the United States agrees that it will move for the dismissal of Counts 1, 3, and 5 as to the defendant at the time of sentencing. The government further agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in a scheme to use counterfeit identification documents and possess stolen identifying information and goods on November 25, 2021, of which the Government is aware at

this time. In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

3. **ELEMENTS:**

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 1028(a)(3), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, the defendant possessed five or more identification or false identification documents;

*Two*, the defendant knowingly possessed the identification documents or false identification documents with intent to use or transfer them unlawfully; and

*Three*, the defendant possessed the identification documents or false identification documents in interstate commerce.

As to Count 4, the defendant admits to knowingly violating Title 18, United States Code, Section 2312, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) that the 2012 GMC Acadia was stolen;

(2) that after the vehicle was stolen, the defendant moved the vehicle, and, caused the

2

        vehicle to be moved, across a state line;

  (3)    that, at the time the defendant moved the vehicle, and, caused the vehicle to be moved, across a state line, the defendant knew it had been stolen.

As to Count 6, the defendant admits to knowingly violating Title 18, United States Code, Section 2314, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

  (1)    that the Trimble S7 Robotic Dr. Plus Total Station was stolen;

  (2)    that the Trimble S7 Robotic Dr. Plus Total Station then had a value of $5,000 or more;

  (3)    after the Trimble S7 Robotic Dr. Plus Total Station was stolen, the defendant moved the property, and, caused the property to be moved, across a state line;

  (4)    that, at the time he moved the Trimble S7 Robotic Dr. Plus Total Station, and, caused the property to be moved, across a state line, the defendant knew it had been stolen.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On November 25, 2021, Warren County Police Officers conducted a lawful traffic stop on a 2012 GMC Acadia driven by Debra Blake ("Blake"). Defendant, who was the passenger, told the officers his name was S.R.H., and presented a counterfeit driver's license as well as a stolen social security card bearing the name and social security number of S.R.H. Defendant also claimed to be the owner of the 2012 GMC Acadia.

3

Because Blake admitted possessing drug paraphernalia in the car, the officers conducted a lawful probable cause search. Defendant agrees and admits that, during the search, the officers located approximately 11 counterfeit driver's licenses bearing his image and the names of other individuals. Defendant further agrees and admits that the counterfeit driver's licenses were of sufficient quality to appear genuine and to comport with the Real ID requirements of the United States Government.

The officers also located more than 43 genuine driver's licenses, passports, social security cards, credit/debit cards, and notebooks containing listings of personal identifying information that Defendant agrees and admits had been stolen from fitness centers and other locations in Arizona and Colorado. Defendant also agrees and admits that he and Blake used the stolen personal identifying information to open credit/debit accounts or takeover existing credit/debit accounts. Through use of the fraudulently obtained credit/debit accounts, Defendant agrees and admits that he and Blake obtained cash and merchandise during their travels.

The parties agree that the intended loss from Defendant's possession of the stolen and counterfeit access devices in the State of Missouri is $27,000.

Defendant further agrees and admits that he fraudulently used the stolen identity of S.R.H. to finance the purchase of the 2012 GMC Acadia from a car dealership in Arizona. Defendant also agrees and admits that he and Blake transported the vehicle across state lines prior to the traffic stop in Missouri. The parties agree that the value of the 2012 GMC Acadia exceeded $18,000.

When the vehicle was stopped in Missouri, Defendant and Blake possessed surveying equipment that had been stolen from a storage unit in Arizona as well as electronic equipment that had been used to produce the counterfeit driver's licenses.

4

Defendant agrees and admits that he knew the surveying equipment had been stolen before he and Blake transported it across state lines. Defendant further agrees and admits that the surveying equipment included a Trimble R121 GNSS Receiver-Base and Rover that had a value exceeding $5,000, that being approximately $30,000.

Due to the value of the stolen Trimble S7 Robotic Dr. Plus Total Station that Defendant possessed, Defendant agrees and admits that the total amount of the intended loss exceeds $95,000.

## 5. STATUTORY PENALTIES:

The defendant fully understands that that the maximum possible penalty provided by law for the crime of possession of five or more false identification documents to which the defendant is pleading guilty in Count 2 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

In addition, the defendant fully understands that the maximum possible penalty provided by law for the crime of interstate transportation of a stolen vehicle to which the defendant is pleading guilty in Count 4 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

The defendant fully understands that the maximum possible penalty provided by law for the crime of interstate transportation of a stolen vehicle to which the defendant is pleading guilty in Count 6 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both. The Court may also impose a period of supervised release of not more than 3 years.

### 6. **U.S. SENTENCING GUIDELINES 2021 MANUAL:**

The defendant understands that Counts 2, 4, and 6 are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

    a. **Chapter 2 Offense Conduct:**

        **(1) Base Offense Level:** The parties agree that the base offense level is *6* as found in Section 2B1.1(a)(1).

        **(2) Chapter 2 Specific Offense Characteristics:** The parties submit that the following specific offense characteristics apply: *8 levels* should be added pursuant to Section 2B1.1(b)(1)(E) because the loss resulting from the offense was more than $95,000.00, *2 levels* should be added pursuant to Section 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims, and *2 levels* should be added pursuant to Section 2B1.1(b)(11)(A)(i) and (B)(i) because the offense involved the possession of device-making equipment and the production of an unauthorized or counterfeit access devices.

The Government submits that 2 levels should be added pursuant to Section 2B1.1(b)(4) because the offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property. Defendant disagrees with the application of the enhancement as a matter of law.

    b. **Chapter 3 Adjustments:**

        **Acceptance of Responsibility:** The parties recommend that *2 levels* should be deducted pursuant to Section 3E1.1(a) and (b) and an additional *1 level* should be deducted because

the defendant has clearly demonstrated acceptance of responsibility and provided timely notice of the intent to enter a guilty plea. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **c.  Estimated Total Offense Level:**  The Government estimates that the Total Offense Level is 17, and the defendant estimates that it is 15.

    **d.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **e.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.  WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a.  Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under

Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to motions, discovery, and the guilty plea.

**(2) Sentencing Issues:** The parties disagree as to the applicability of Sections 2B1.1(b)(4), and will litigate that issue at sentencing. The parties agree to abide by the district court's determination of that issue, and specifically waive their rights to appeal the district court's ruling resulting in the calculation of the Total Offense Level. In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the

Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 for each felony count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the

9

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

g. **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the entry of a forfeiture money judgment. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and

statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:** In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the

11

waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

### 10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

### 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

5/31/2023
Date

TRACY L. BERRY 014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

5/31/23
Date

KEVIN SPARKS
Defendant

5/31/2023
Date

KATHRYN PARISH
Attorney for Defendant

13